884 F.2d 580
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dorsey H. PATTERSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-2076.
 United States Court of Appeals, Sixth Circuit.
 Sept. 5, 1989.
 
 Before RALPH B. GUY, Jr., BOGGS and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant, Dorsey Patterson, appeals from a denial of social security disability benefits. Patterson claims disability growing out of an altercation with police on August 19, 1985, when he was allegedly struck in the head with a nightstick. As a result of the blow to the head, Patterson suffered a subdural hematoma and a resultant seizure disorder. The claimant responded well to treatment and his seizures are controlled by the drug Dilantin. At the time he filed for benefits, Patterson claimed disability as a result of a seizure disorder caused by a head injury, as well as chronic pain along his right side, shoulder, and arm. He claimed periodic difficulty in manipulating his right arm and hand.
 
 
 2
 At the time of the hearing before the administrative law judge (ALJ), Patterson was thirty-three years of age. He is a high school graduate and had been employed in the construction industry from 1979 to 1985. The ALJ determined that claimant suffered from severe minor motor seizures and other residuals of subdural hematoma and injury to the right humeral head and shoulder. As a result, claimant could not perform his past relevant work. After hearing from a vocational expert (VE), however, the ALJ determined that Patterson maintained the residual functional capacity to perform a limited range of sedentary work, and that a significant number of jobs existed in the national economy that accommodated Patterson's residual functional capacity.
 
 
 3
 On appeal, there is really only one narrow issue presented. Patterson contends that he cannot work because of difficulties associated with his lack of ability to manipulate or hold objects. In support of this contention, Patterson offers only his own testimony and makes no reference to any medical records for support. This contention is also the sole basis for Patterson's objections to the magistrate's recommendations in the district court. Judge Duggan carefully considered the objections in his opinion responding to plaintiff's objections to the magistrate's report:
 
 
 4
 Plaintiff asserts that the Magistrate failed to consider plaintiffs "manipulative type of disabilities," which plaintiff alleges preclude him from performing sedentary work. At the administrative hearing, plaintiff testified that he experienced pain and numbness in his right arm, which affected plaintiff's ability to grasp or manipulate objects. (Tr. 50, 56). The ALJ determined, however, that plaintiff's testimony was not credible because there were discrepancies between the claimant's testimony and the medical records, and because plaintiff's medical records indicated that plaintiff was employed during 1985 and 1986 (Tr. 135, 140, 150), but plaintiff testified at the August 8, 1986 administrative hearing that he had last worked two years before the hearing. (Tr. 11, 15). Great deference must be given to the ALJ's determination of credibility. Beavers v. Secretary of Health and Human Services, 577 F.2d 383 (6th Cir.1978); Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 928 (6th Cir.1987).
 
 
 5
 The opportunity to observe the demeanor of a witness, evaluating what is said, and considering how it fits with the rest of the evidence gathered before the person who is conducting the hearing, is invaluable and should not be discarded lightly. Beavers [577 F.2d] at 387.
 
 
 6
 Further, as the Magistrate noted, by January 15, 1986, plaintiff's sensation of numbness in the right arm was controlled by Dilantin. (Tr. 155, Magistrate's Report and Recommendation at 5). Dean Martz, M.D. and William F. Chandler, M.D. stated, in a letter dated January 15, 1986, that although plaintiff had somewhat diminished sensation in his right upper extremity, "this was not an overwhelming finding. Sensation loss was diffuse in a non-dermatomal nature." (Tr. 155). Muscle strength and tone were normal. (Id.) In a February 27, 1987 letter, P. Glover, M.D. stated that plaintiff had non-dermatomal altered sensation in the right upper extremity that was best characterized as slightly dull sensation to light touch." (Tr. 175). A motor examination revealed normal tone, power, and bulk. (Id.) Plaintiff testified that he was able to help with the household chores, including cooking and helping with the dishes. (Tr. 56). The Court finds that there was substantial evidence to support the ALJ's conclusion that plaintiff's alleged "manipulative type of disabilities" did not preclude plaintiff from performing sedentary work.
 
 
 7
 Patterson v. Secretary of Health and Human Services, No. 88-CV-70284-DT, unpub. op. at 3-5 (E.D.Mich. Aug. 22, 1988).
 
 
 8
 We fully agree with Judge Duggan's conclusions, and would only add that the record also shows that Patterson swam regularly and drove an automobile. The fact that Patterson felt it safe to both swim and drive further militates against a finding of disability due to right arm numbness.
 
 
 9
 Considering the record as a whole, we find substantial evidence supports the Secretary's denial of benefits and we therefore AFFIRM.